**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RHB, LLC and SMYRNA READY MIX CONCRETE, LLC,<br>Petitioners-in-Certiorari/Plaintiffs,<br><br>v.<br><br>ATLANTA CITY COUNCIL, *et.al*<br><br>Respondents in Certiorari, and<br><br>CITY OF ATLANTA, GEORGIA<br><br>Defendant in Certiorari (Opposite Party), and<br><br>CITY OF ATLANTA, GEORGIA, *et. al*,<br><br>Defendants. | Civil Action File<br><br>No. 1:20-cv-01301-WMR |

**FIRST AMENDED APPEAL AND PETITION FOR WRIT OF CERTIORARI AND VERIFIED COMPLAINT**

COME NOW, Petitioners-in-Certiorari/Plaintiffs, RHB, LLC and Smyrna Ready Mix Concrete, LLC, (collectively, "Petitioners"), by and through their undersigned counsel, and appeal and petition this Court for a writ of certiorari and verified complaint ("Petition") and show this Court as follows:

## INTRODUCTION

1.

This action arises from the Atlanta City Council's ("City Council") unlawful January 21, 2020 denial of Petitioners' Special Use Permit Application (U-18-43) (the "Application"). Petitioners satisfied the impact analysis criteria and are entitled to the issuance of the permit. Moreover, the City failed to follow the procedures required by the City's Zoning Ordinance which renders the denial void and violates the Petitioners' constitutionally protected right to due process. Pursuant to the City's own Zoning Ordinance, the City Council is required to have before it the submission of the applicant and the record of the Zoning Review Board, which is the sole City public hearing forum. In this case, the City Council arbitrarily denied the application without receipt (and therefore review) of the application materials submitted by Petitioners or the record of the public hearing that took place, including Petitioners' evidence and testimony showing satisfaction of the applicable SUP criteria. As such, the City failed to follow its own local zoning procedures and also failed to hold a valid public hearing on the application in violation of the Zoning Procedures Law, O.C.G.A. § 36-66-4. *Hoechstetter v. Pickens County*, 303 Ga. 786, 788 (2018) (holding that county's approval of special use permit violated the Zoning Procedures Law, O.C.G.A. § 36-66-1 *et seq.*, where county commission did not have minutes or transcript of public hearing before them when they approved the application).

A local government is required to work with the property owner and the law is clear that a property owner is not expected to anticipate every conceivable objection local government may have. *DeKalb County v. Flynn*, 243 Ga. 679 (1979). Here, the City ignored its obligation to work with the Petitioners and instead summarily denied the application without even considering the evidence presented and the criteria set forth in the Zoning Ordinance.

The City Council unlawfully delegated their powers to opposition from the community. Such action is an unlawful taking of Petitioners' property rights. In addition to the procedural defects, the City Council's actions were an abuse of its police and zoning powers, resulting in an unlawful taking of Petitioners' property.

Petitioners request this Court to (1) find Petitioners are entitled to a grant of the Application; or in the alternative, (2) remand the Application to the City with directions to evaluate and process the Application in accordance with the City's Zoning Ordinance and the ZPL and grant such other relief against the City Council and in favor of Petitioners.

## JURISDICTION AND PARTIES

2.

Petitioners file this appeal as a petition for writ of certiorari pursuant to O.C.G.A. § 5-4-3 *et seq.* seeking review of the quasi-judicial action by the Atlanta

City Council and individual City Council members denying Petitioners' Special Use Permit (U-18-43).

3.

Certiorari is the appropriate method of judicial review from the denial of a special use permit under Georgia law because the underlying Atlanta City Council and individual City Council members decision involved a public hearing, and called for an ascertainment of the relevant facts from evidence presented to the applicable legal standards, and the decision is final, binding, and "particular and immediate, rather than general and future in effect". *Riverdale Land Group, LLC v. Clayton County, Georgia*, A19A2114, 2020 WL 947096, at *4, (Ga. App. Feb. 27, 2020); see also *City of Cumming v. Flowers*, 300 Ga. 820, fn. 5 (2017) (holding zoning variance decisions are quasi-judicial and noting, "it is not clear that conditional and special use permit cases are meaningfully different from variance cases in this context, at least in cases where the zoning board must apply a set of factors set out in the zoning ordinance to the specific facts of the conditional or special use request").

4.

However, O.C.G.A. § 36-66-3(4)(E) provides that a "'zoning decision' means final legislative action by a local government which results in" the grant of a permit relating to a special use of property. Thus, out of an abundance of caution, and in the

alternative, this appeal is also brought seeking *de novo* review of said denial. For the avoidance of doubt, Petitioners believe the denial constitutes a quasi-judicial decision, not a legislative decision, regardless of the ZPL's characterization. *See, e.g.*, *Riverdale*, at *5 (finding the ZPL's "characterization of a zoning board's decision on an application for special-use permit as 'legislative' is not determinative" and holding that the denial was quasi-judicial).

5.

The Petition was timely filed within thirty (30) days of the Respondents' January 21, 2020 decision denying Petitioners' Special Use Permit Application (U-18-43).

6.

The Respondents' January 21, 2020 decision denying Petitioners' Special Use Permit Application (U-18-43) is a final decision.

7.

Petitioners are aggrieved because of Respondents' denial decision.

8.

The subject property consists of approximately +/- 13.5 acres of property located at 1521 Huber Street NE and is more particularly described as Fulton County Tax Parcel No. 17-01 87-LL0752 (the "Property").

9.

The Property is zoned I-2 (Heavy Industrial) and is anticipated for future industrial use under the City's Comprehensive Development Plan.

10.

Petitioner, RHB, LLC, is the owner of the Property and is subject to the jurisdiction of this Court by filing this action (the "Owner").

11.

Petitioner, Smyrna Ready Mix Concrete, LLC, is the applicant who submitted the subject special use permit application with Petitioner RHB, LLC (collectively, the "Applicant") and is subject to the jurisdiction of this Court by filing this action.

12.

Respondent in Certiorari/Defendant, City of Atlanta, Georgia, is a political subdivision of the State of Georgia and is subject to the jurisdiction and venue of this Court and has acknowledged service of process through its counsel.

13.

Respondent in Certiorari/Defendant, Atlanta City Council, is the governing authority of the City of Atlanta and is subject to the jurisdiction and venue of this Court and has acknowledged service of process through its counsel.

14.

Respondent in Certiorari/Defendant, Felicia A. Moore, is subject to the jurisdiction and venue of this Court individually and in her official capacity as the President of the Atlanta City Council and has acknowledged service of process through its counsel.

15.

Respondent in Certiorari/Defendant, Carla Smith, is subject to the jurisdiction and venue of this Court individually and in her official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

16.

Respondent in Certiorari/Defendant, Amir R. Farokhi, is subject to the jurisdiction and venue of this Court individually and in his official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

17.

Respondent in Certiorari/Defendant, Antonio Brown, is subject to the jurisdiction and venue of this Court individually and in his official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

18.

Respondent in Certiorari/Defendant, Cleta Winslow, is subject to the jurisdiction and venue of this Court individually and in her official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

19.

Respondent in Certiorari/Defendant, Natalyn Archibong, is subject to the jurisdiction and venue of this Court individually and in her official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

20.

Respondent in Certiorari/Defendant, Jennifer N. Ide, is subject to the jurisdiction and venue of this Court individually and in her official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

21.

Respondent in Certiorari/Defendant, Howard Shook, is subject to the jurisdiction and venue of this Court individually and in his official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

22.

Respondent in Certiorari/Defendant, J.P. Matzigkeit, is subject to the jurisdiction and venue of this Court individually and in his official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

23.

Respondent in Certiorari/Defendant, Dustin Hillis, is subject to the jurisdiction and venue of this Court individually and in his official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

24.

Respondent in Certiorari/Defendant, Andrea L. Boone, is subject to the jurisdiction and venue of this Court individually and in her official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

25.

Respondent in Certiorari/Defendant, Marcia Collier Overstreet, is subject to the jurisdiction and venue of this Court individually and in her official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

26.

Respondent in Certiorari/Defendant, Joyce M. Sheperd, is subject to the jurisdiction and venue of this Court individually and in her official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

27.

Respondent in Certiorari/Defendant, Michael Julian Bond, is subject to the jurisdiction and venue of this Court individually and in his official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

28.

Respondent in Certiorari/Defendant, Matt Westmoreland, is subject to the jurisdiction and venue of this Court individually and in his official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

29.

Respondent in Certiorari/Defendant, Andre Dickens, is subject to the jurisdiction and venue of this Court individually and in his official capacity as a Councilmember on the Atlanta City Council and has acknowledged service of process through its counsel.

30.

"The sweep of sovereign immunity under the Georgia Constitution is broad." *Lathrop v. Deal*, 301 Ga. 408, 424 (2017) citing *Olvera v. Univ. System of Ga. City Council of Regents*, 298 Ga. 425, 426 (2016). "[T]he doctrine of sovereign immunity extends generally to suits against the State, its departments and agencies, and its officers in their official capacities for injunctive and declaratory relief from official acts that are alleged to be unconstitutional." *Lathrop*, 301 Ga. at 409. However, this does "not mean that citizens aggrieved by unlawful conduct of public officers are without recourse. It means only that they must seek relief against such officers in their individual capacities." *Lathrop*, 301 Ga. at 434 citing *Georgia Dept. of Natural Resources v. Center for a Sustainable Coast*, 294 Ga. 593, 603 (2014) and *Olvera*, 298 Ga. at 428. And the doctrine of sovereign immunity is no bar to petitions for writs of mandamus, the writ being a way "in which an aggrieved citizen may pursue claims directly against state departments, agencies and officers in their official capacities from relief from official acts alleged to be unconstitutional or otherwise unlawful, notwithstanding the broad sweep of sovereign immunity". *Lathrop*, 301 Ga. at 433-34 citing *SJN Properties, LLC v. Fulton County Bd. of Assessors*, 296 Ga. 793, 799 (2015).

31.

The doctrine of official immunity, also known as qualified immunity and set forth in Article I, Section II, Paragraph IX (d) of the Georgia Constitution, "concerns suits and liabilities of public officers for monetary damages and other retrospective relief" but "does not limit the availability of prospective relief" and hence "does not bar suits for declaratory or injunctive relief brought against county [and city] officers in their individual capacities". *Love v. Fulton County Bd. of Tax Assessors*, 348 Ga. App. 309, 321 (2018) citing *Lathrop*, 301 Ga. at 444.

32.

This Court has jurisdiction over this Petition and the claims asserted herein.

## **FACTUAL BACKGROUND**

**Special Use Permit Requirement and Procedures in Atlanta**

33.

The City's Zoning Ordinance sets forth regulations regarding the use of property located within the City.

34.

To use properties zoned I-2 (Heavy Industrial) for a concrete plant, a special use permit approved by the Atlanta City Council is required pursuant to Zoning Ordinance Section 16-17.005(1)(e).

35.

Zoning Ordinance Section 16-25.001(a) provides that "[s]pecial use permits, decided by the [Atlanta City C]ouncil after public notice and hearing and recommendation by the zoning review board, are intended to be used in connection with uses of substantial significance or of unusual operational characteristics."

36.

Zoning Ordinance Section 16-25.03 entitled "Special use permits, procedural requirements" provides that:

> (1) *[Conformance required:]* The council, after conformance with the requirements so established for special permits generally within this chapter and in conformance with the procedures and requirements so established in chapter 27, "amendments," may authorize those uses so designated under special use permits within the district regulations in chapters 3 through 17, from which they are otherwise prohibited.

37.

Zoning Ordinance Section 16-25.002(3) sets forth the eight general criteria applicable to all special use permits that the Atlanta City Council is to weigh in making its decision. These criteria are enumerated as subsections (a) through (h) and are designed to ensure that satisfactory provisions and arrangements have been made concerning the proposed use. These criteria exist to "tightly" control the Atlanta City Council's discretion since it acts in a quasi-judicial capacity when reviewing special use permits. *Riverdale*, at *3, citing *Flowers*, 300 Ga. at 824.

38.

Regarding procedures for public hearings, City Code Sec. 16-27.006, entitled "Public hearings and actions by zoning review board", provides:

> Before making its recommendations on the proposed amendment to the council, the zoning review board shall hold a public hearing thereon, with notice as prescribed below as to the time, date and place of the hearing and the nature of the proposed change. Following the hearing, the zoning review board shall transmit its recommendations to the council, together with pertinent records. Such recommendations may be in the form of favorable or unfavorable, or may be in the form of a recommended substitute conditioned upon an agreement to specified terms, e.g. the specifications of a detailed site plan, etc. The zoning review board shall give consideration to all the standards in section 16-27.004 and shall transmit these findings along with their recommendation on each zoning proposal to the city council.

39.

Once the ZRB holds its public hearing, the Atlanta City Code does not provide or allow any additional public hearing before the Atlanta City Council or any other body on the zoning application. Instead, the Atlanta Zoning Ordinance, City Code Sec. 16-27.010, entitled "Actions by council" provides:

> Upon receipt of reports and recommendations from the bureau of planning and the zoning review board, the council shall proceed to act on the proposed changes, passing or rejecting the amendments, or suspending action where prior changes in comprehensive development plans are required and council finds reasonable justification for considering such changes. The council shall be provided with a copy of the submission of the applicant, the report and recommendation of the bureau of planning, the recommendation of the appropriate neighborhood planning unit (NPU) if any, and the record of the zoning review board at the time each zoning case is presented to them for action.

**Petitioners' Special Use Permit Application**

40.

In 2017, Plaintiffs began meeting with City officials and planning staff regarding the use of the Property for a concrete plant.

41.

Following favorable discussions with the City's planning department staff during 2018 about the industrial property, the need to keep industrial uses in the City, and the Petitioners' plans for the Property, a Special Use Permit application (U-18-043) (the "Application") was submitted to the City on December 20, 2018.

42.

The Plaintiffs provided the requested information and impact analysis for the proposed concrete plant use.

43.

The Zoning Review Board conducted a public hearing on March 7, 2019 and recommended denial of the Application, which recommendation is non-binding upon the Atlanta City Council as the sole decision-making body.

44.

On April 24, 2019, the Zoning Committee held the application at the request of the Office of Zoning pending completion of Atlanta Regional Commission's Development of Regional Impact ("DRI") review.

45.

On December 20, 2019, the DRI was completed with a Georgia Regional Transportation Authority ("GRTA") Notice of Decision approving the development plans for the concrete plant with conditions that were agreeable to the Plaintiffs.

46.

On December 27, 2019, the Atlanta Regional Commission completed its review and DRI and issued its report.

47.

Upon information and belief, neither the GRTA approval nor the DRI report was communicated to the City Council members and therefore not considered by the Atlanta City Council as required by Ga. Rules & Regulations, §§ 110-12-3.03(4) & 110-12-3.02(7).

48.

Instead, without notice to the Petitioners, the City's zoning administrator communicated to the Zoning Committee that the Application could be removed from the "held agenda" and acted upon.

49.

The 2020 Zoning Committee members include the following Respondents in Certiorari/Defendants: Dustin Hillis, Carla Smith, Andre Dickens, Howard Shook, Andrea Boone and Marci Overstreet ("Zoning Committee Members").

50.

The Zoning Committee Members were not meaningfully informed of what happened at the ZRB public hearing on March 7, 2019.

51.

The Zoning Committee Members did not have before them the submission of the Petitioner or a meaningful record of the Zoning Review Board.

52.

During the January 15, 2020 Zoning Committee meeting there was no discussion regarding the Application. The Application was grouped together with another application for a block vote. Dustin Hillis made a motion to "Adverse" (which means deny) the Application, Howard Shook seconded the motion and Carla Smith, Andre Dickens, Howard Shook, Andrea Boone and Marci Overstreet voted in favor of the motion.

53.

The Zoning Committee voted unanimously to "Adverse" [deny] the Application on January 15, 2020.

54.

Respondents In Certiorari/Defendants, Matt Westmoreland, Carla Smith, Amir R Farokhi, Cleta Winslow, Natalyn Mosby Archibong, Jennifer N. Ide, J.P. Matzigkeit, Dustin Hills, Andrea L. Boone, Marci Collier Overstreet, Joyce M

Sheperd, Michael Julian Bond, Andre Dickens, Antonio Brown, Howard Shook, and Felicia Moore were not meaningfully informed of what happened at the ZRB hearing, including Petitioners' testimony and evidence in support of the Application.

55.

Respondents In Certiorari/Defendants, Matt Westmoreland, Carla Smith, Amir R Farokhi, Cleta Winslow, Natalyn Mosby Archibong, Jennifer N. Ide, J.P. Matzigkeit, Dustin Hills, Andrea L. Boone, Marci Collier Overstreet, Joyce M Sheperd, Michael Julian Bond, Andre Dickens, Antonio Brown, Howard Shook, and Felicia Moore did not have before them the submission of the Petitioner, the record of the ZRB proceedings and findings as required by the Atlanta Zoning Ordinance set forth above.

56.

During the January 21, 2020 City Council meeting, a motion was made by Carla Smith to Adverse the Application and Dustin Hillis seconded the motion. The following Respondents In Certiorari/Defendants voted in favor of the motion: Matt Westmoreland, Carla Smith, Amir R Farokhi, Cleta Winslow, Natalyn Mosby Archibong, Jennifer N. Ide, J.P. Matzigkeit, Dustin Hills, Andrea L. Boone, Marci Collier Overstreet, Joyce M Sheperd. The following Respondents In Certiorari/Defendants were absent and did not vote: Michael Julian Bond, Andre

Dickens, Antonio Brown, Howard Shook. Respondents In Certiorari/Defendant Felicia Moore only votes in the event of a tie.

57.

There was no discussion regarding the Application at the January 21, 2020 City Council meeting, including what occurred at the March 7, 2019 ZRB public hearing, such as documentary evidence and testimony provided.

58.

The right to freely use property for any lawful purpose is a fundamental constitutional right for all property owners in the United States.

59.

A zoning ordinance must not infringe upon constitutional guarantees of the state constitution by unnecessarily or unreasonably invading personal or property rights.

60.

Based on Respondents' actions in denying the Application, the Petitioners' valuable property rights have been taken all in violation of the constitutional rights of Petitioners as hereinafter set forth.

61.

The City's zoning regulations as applied to the Property constitute a total taking of the Property.

62.

The Respondents In Certiorari/Defendants lacked discretion to deny the Application because the Application satisfied the City's zoning standards and criteria.

63.

The City Council denied the Application without findings of fact, conclusions and authority of law.

64.

Petitioners have at all times acted in good faith.

65.

The Petitioners have exhausted any and all administrative remedies.

66.

All conditions precedent have been satisfied and/or waived.

67.

The Petitioners timely filed this appeal.

68.

As a result of the actions by the City, the City Council, and the individual City Councilmembers, Petitioners have been damaged irreparably and do not have an adequate remedy at law.

69.

As a result of the actions by the City, the City Council, and the individual City Councilmembers, Petitioners have been forced to engage the services of the undersigned attorneys to represent its interests.

70.

Petitioners have a clear legal right to approval of the Application.

71.

The City Council's denial of the Application is arbitrary, capricious, an abuse of discretion, and not supported by any evidence.

**COUNT I**
**CERTIORARI**

72.

Petitioners reallege and incorporate by reference the foregoing paragraphs of this Petition as if fully set forth herein.

73.

This Count is asserted against the City Council and against each member of the City Council in their official capacity.

74.

There are no unpaid costs in the proceeding below.

75.

Petitioners presented a statement regarding payment of costs to the City and City Council and have filed the signed statement simultaneously with this action.

76.

In accordance with O.C.G.A. § 5-4-5, Petitioners have filed the Certiorari Bond simultaneously with this action.

77.

Petitioners satisfied the special use permit criteria for approval of the Application.

78.

The Respondents' decision to deny the Application includes, but is not limited to, the following legal errors: (a) the Respondents' decision was arbitrary, capricious, an abuse of discretion, and not supported by any evidence; (b) the Respondents' denial decision results in the taking of private property without payment of just compensation in violation of the state constitution; and (c) the Respondents failed to follow the requirements of the City's Zoning Ordinance.

79.

The decision to deny the Application is contrary to law, unsupported by the record evidence, and an abuse of discretion entitling Petitioners to a writ of certiorari and a reversal of the City Council's decision. The City Council's denial of the

Application is arbitrary, capricious, an abuse of discretion, and not supported by any evidence.

**COUNT II**
**DUE PROCESS VIOLATION: SPECIAL USE PERMIT APPEAL**

80.

Petitioners hereby reallege and incorporate by reference the foregoing paragraphs of this Petition as if fully set forth herein.

81.

This count is asserted against, Matt Westmoreland, Carla Smith, Amir R Farokhi, Cleta Winslow, Natalyn Mosby Archibong, Jennifer N. Ide, J.P. Matzigkeit, Dustin Hills, Andrea L. Boone, Marci Collier Overstreet, Joyce M Sheperd, Michael Julian Bond, Andre Dickens, Antonio Brown, Howard Shook, Felicia Moore each in their individual capacity (collectively "Individual Defendants") for denial of Plaintiffs' due process rights. "[T]he doctrine of sovereign immunity usually poses no bar to suits in which state officers are sued in their individual capacities for official acts that are alleged to be unconstitutional." *Lathrop,* 301 Ga. at 434; *Kammerer Real Estate Holdings, LLC v. Forsyth Cty. Bd. of Comm'rs*, 302 Ga. 284, 285, n. 2 (2017) (reversing trial court's dismissal based on doctrine of sovereign immunity where complaint named county planning director in his official and individual capacity).

82.

The doctrine of official immunity, also known as qualified immunity and set forth in Article I, Section II, Paragraph IX(d) of the Georgia Constitution "concerns suits and liabilities of public officers for monetary damages and other retrospective relief" but "does not bar suits for declaratory or injunctive relief brought against county officers in their individual capacities." *Love*, 348 Ga. App. at 321 citing *Lathrop*, 301 Ga. at 444. This count seeks prospective relief only, not monetary damages or retrospective relief, for violation of Plaintiffs' rights.

83.

In the alternative to Count I (certiorari), Plaintiffs bring this appeal of the City Council's denial of the Application. In the alternative to Count I, the City Council acted in a legislative or "quasi-legislative" capacity when it reviewed and denied the Application. O.C.G.A.§ 36-66-3(4)(E). Plaintiffs re-assert their position set forth in paragraphs 1 through 4 of this Complaint.

84.

The proposed use of the Property for a concrete plant is consistent with the Heavy Industrial zoning of the Property and the future land use designation for Industrial use.

85.

In summarily denying the Application without discussion or review and consideration of the public hearing proceedings before the ZRB and Petitioners' application submission, the City Council and Individual Defendants could not, and did not, make any findings of fact on Petitioners' Application based on the evidence presented in the Application submissions at the public hearing before the Zoning Review Board, let alone apply the criteria and standards for special use permit applications to those facts, as required by the City's Zoning Ordinance, and consequently their denial of Petitioners' Application was not based on any evidence.

86.

Plaintiffs have suffered a significant detriment by the denial of the Application.

87.

The denial of the Application was arbitrary, capricious, irrational, a manifest abuse of discretion; a taking of property without just and adequate compensation; and a denial of rights to substantive due process and equal protection guaranteed by the City's Zoning Ordinance as well as Article I, Section I Paragraphs I and II of the Constitution of the State of Georgia.

88.

The denial of the Application was unlawful, unconstitutional, null, void and of no legal force or effect.

89.

In denying the Application, the Individual Defendants ignored: (i) Plaintiffs' submittal and evidence presented to the City, (ii) zoning criteria and factors under the City's Zoning Ordinance, and (iii) zoning criteria under Georgia law.

90.

Instead of evaluating the evidence presented and the legal criteria for a zoning decision, the Individual Defendants conducted no review of the criteria or Application. Thus there was not valid basis for a denial. The Individual Defendants' actions were an abuse of its police and zoning powers, resulting in an unlawful taking of Petitioners' property. Plaintiffs pray this Court to order the City Council to approve the Application, or in the alternative to process the Application in accordance with the City's Zoning Ordinance.

91.

For these reasons, Plaintiffs are entitled to an order from this Court declaring the Plaintiffs satisfied the criteria for approval of the Application, or in the alternative, declaring the Application must be processed in accordance with the City's Zoning Ordinance.

## COUNT III
## VIOLATION OF THE ZONING PROCEDURES LAW

92.

Petitioners reallege and incorporate by reference the foregoing paragraphs of this Petition as if fully set forth herein.

93.

This count is asserted against Felicia Moore, Matt Westmoreland, Carla Smith, Amir R Farokhi, Cleta Winslow, Natalyn Mosby Archibong, Jennifer N. Ide, J.P. Matzigkeit, Dustin Hills, Andrea L. Boone, Marci Collier Overstreet, Joyce M Sheperd, Michael Julian Bond, Andre Dickens, Antonio Brown, Howard Shook each in their individual capacity. "[T]he doctrine of sovereign immunity usually poses no bar to suits in which state officers are sued in their individual capacities for official acts that are alleged to be unconstitutional." *Lathrop,* 301 Ga. at 434; *Kammerer Real Estate Holdings*, 302 Ga. at 285, n. 2 (reversing trial court's dismissal based on doctrine of sovereign immunity where complaint named county planning director in his official and individual capacity).

94.

The State of Georgia enacted minimal procedural requirements known as the Zoning Procedures Law, set forth in O.C.G.A. § 36-66-1, *et seq*.

95.

To comply with the Zoning Procedures Law, the decision-making body must be meaningfully informed by what happened at the public hearing. *Hoechstetter v. Pickens County*, 303 Ga. 786 (2018).

96.

Simply conducting a hearing before a recommending body, such as the City's Zoning Review Board, is not alone enough to satisfy the notice and hearing requirements of the Zoning Procedures Law.

97.

Failure to comply with the Zoning Procedures Law renders a zoning decision void. *Tilley Properties, Inc. v. Bartow County*, 261 Ga. 153 (1991).

98.

The Defendants violated the Zoning Procedures Law by failing to conduct a public hearing that complies with the requirement to afford a meaningful opportunity to be heard on the application.

99.

The failure to comply with the Zoning Procedures Law renders the "Adverse" or denial of the Application void.

100.

The failure to comply with the Zoning Procedures Law violates Plaintiffs' due process rights under the Georgia Constitution.

101.

Plaintiffs are entitled to an order from this Court declaring the January 21, 2020 decision to "Adverse" (deny) the Application is void based on the violation of the Zoning Procedures Law and remanding the Application back to the City for a new hearing and decision in compliance with the Zoning Procedures Law and the Atlanta Zoning Ordinance.

**COUNT IV**
**UNCONSTITUTIONAL DENIAL OF PETITIONERS' APPLICATION**

102.

Petitioners reallege and incorporate by reference the foregoing paragraphs of this Petition as if fully set forth herein.

103.

The City Council's denial of the Application deprives Petitioners of constitutionally guaranteed property rights without just and adequate compensation and constitutes a violation of the rights and privileges secured by Article I, Section I, Paragraph I and Article I, Section III, Paragraph I of the 1983 Constitution of the State of Georgia.

104.

The City Council had no objective factual basis or evidence before it at the time it made the decision to deny the Application and as such, have destroyed Petitioners' property rights without first paying fair, adequate, and just compensation for such rights, in violation of Article I, Section I, Paragraph I and Article I, Section III, Paragraph I of the Constitution of the State of Georgia of 1983.

105.

The City Council's denial of the Application is arbitrary, capricious, without any objective basis, and discriminates between Petitioners and other similarly situated property owners in violation of Petitioners' right to equal protection under Article I, Section I, Paragraph II of the 1983 Constitution of the State of Georgia.

106.

The denial of the Application and the rezoning request results in no gain to the public in general, fails to promote the public health, safety, morals, and welfare, constitutes a substantial destruction of Petitioners' property values, and is confiscatory, and void.

107.

The Constitution and laws of the State of Georgia provide and require that just and adequate compensation be paid prior to any taking or interference with the property rights of Petitioners.

108.

The City Council's denial of Petitioners' Application was unlawful, unconstitutional, null, void and of no legal force or effect.

109.

For these reasons, Petitioners are entitled to an order from this Court reversing the decision of the City Council and requiring the City Council to approve the Application.

**COUNT V**
**MANDAMUS**

110.

Petitioners hereby reallege and incorporate by reference the foregoing paragraphs of this Petition as if fully set forth herein.

111.

This Count is asserted against Felicia Moore in her official capacity as President of Atlanta City Council, and against Matt Westmoreland, Carla Smith, Amir R Farokhi, Cleta Winslow, Natalyn Mosby Archibong, Jennifer N. Ide, J.P. Matzigkeit, Dustin Hills, Andrea L. Boone, Marci Collier Overstreet, Joyce M Sheperd, Michael Julian Bond, Andre Dickens, Antonio Brown, Howard Shook each in their official capacity as members of the City Council. "[S]overeign immunity is no bar to petitions for writs of mandamus." *Lathrop*, 301 Ga. at 434 citing *SJN*

*Properties*, 296 Ga. at 799. *See also Ga. Ass'n of Prof'l Process Servers v. Jackson*, 302 Ga. 309, 312 (2017).

112.

Petitioners have a clear legal right to (1) approval of its Application, and (2) an application process, review, evaluation, and decision in accordance with the City's Zoning Ordinance criteria and standards governing the grant of special use permits.

113.

These public officers' refusal, both individually and collectively, to approve the Application is a gross abuse of discretion.

114.

These public officers' refusal, both individually and collectively, to process, review, evaluate, and decide in accordance with the criteria and standards governing the grant of special use permits is a gross abuse of discretion

115.

A defect of legal justice would ensue if a writ of mandamus is not issued, and Petitioners have no other specific legal remedy.

116.

Plaintiffs pray this Court to issue a writ of mandamus directed to Felicia Moore in her official capacity as President of Atlanta City Council, and against Matt

Westmoreland, Carla Smith, Amir R Farokhi, Cleta Winslow, Natalyn Mosby Archibong, Jennifer N. Ide, J.P. Matzigkeit, Dustin Hills, Andrea L. Boone, Marci Collier Overstreet, Joyce M Sheperd, Michael Julian Bond, Andre Dickens, Antonio Brown, Howard Shook each in their official capacity as members of the City Council to approve the Application or, in the alternative, remand by this Court of the Application to the City with direction to process, review, evaluation, and decision in accordance with the City's Zoning Ordinance criteria and standards governing the grant of special use permits.

**COUNT VI**
**VIOLATION OF STATE TAKINGS CLAUSE**

117.

Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

118.

This count is alleged against the City of Atlanta. The doctrine of sovereign immunity does not bar suits alleging violations of the Georgia Takings Clause. *Lathrop*, 301 Ga. at 427.

119.

Article I, Section III, Paragraph I of the Constitution of the State of Georgia of 1983 states that "(a) Except as otherwise provided in this paragraph, private property shall not be taken or **damaged** for public purposes without just and

adequate compensation being first paid." (emphasis added). This provision is often referred to as the Georgia Takings Clause or the Just Compensation Clause. Its protections are greater than the federal takings clause. *See Diversified Holdings, LLP v. City of Suwanee*, 302 Ga. 597, 615 (2017). Zoning is subject to the constitutional prohibition against taking private property without just compensation. *Barrett v. Hamby*, 235 Ga. 262, 265 (1975).

120.

The City's denial of the Application to use the Property for a concrete plant violates Article I, Section III, Paragraph I of the Constitution of the State of Georgia of 1983.

121.

Plaintiffs are entitled to receive from City of Atlanta just and adequate compensation to be determined at trial for the damaging and taking of Plaintiffs' Property.

**COUNT VII**
**INJUNCTION**

122.

Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this Petition as if fully set forth herein.

123.

This count is asserted against Felicia Moore, Matt Westmoreland, Carla Smith, Amir R Farokhi, Cleta Winslow, Natalyn Mosby Archibong, Jennifer N. Ide, J.P. Matzigkeit, Dustin Hills, Andrea L. Boone, Marci Collier Overstreet, Joyce M Sheperd, Michael Julian Bond, Andre Dickens, Antonio Brown, Howard Shook each in their individual capacity. "[T]he doctrine of sovereign immunity usually poses no bar to suits in which state officers are sued in their individual capacities for official acts that are alleged to be unconstitutional." *Lathrop,* 301 Ga. at 434; *Kammerer Real Estate Holdings*, 302 Ga. at 285, n. 2 (reversing trial court's dismissal based on doctrine of sovereign immunity where complaint named county planning director in his official and individual capacity). The doctrine of official immunity, also known as qualified immunity and set forth in Article I, Section II, Paragraph IX(d) of the Georgia Constitution "concerns suits and liabilities of public officers for monetary damages and other retrospective relief" but "does not bar suits for declaratory or injunctive relief brought against county officers in their individual capacities." *Love*, 348 Ga. App. at 321 citing *Lathrop*, 301 Ga. at 444. This count seeks prospective relief only, not monetary damages or retrospective relief, for violation of Plaintiffs' rights. The relief sought is for the approval of the Application or in the alternative, for the process, review, evaluation, and decision in accordance with the City's Zoning Ordinance criteria and standards governing the grant of special use permits.

124.

The inability to use the Property as requested in the Application does not have a basis in the public good and bears no substantial relations to public health, safety, moral or general welfare and therefore cannot be justified under the police power.

125.

The inability to use the Property as requested in the Application constitutes significant detriment and irreparable harm to Plaintiffs.

126.

Equity, by a writ of injunction, may restrain proceedings in another or the same court, a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law.

127.

Injunctive relief is available to set aside the restrictions of the Zoning Ordinance that prevents the Plaintiffs from using the Property as requested in the Application.

128.

Plaintiffs are entitled to a permanent prospective injunction against Felicia Moore, Matt Westmoreland, Carla Smith, Amir R Farokhi, Cleta Winslow, Natalyn Mosby Archibong, Jennifer N. Ide, J.P. Matzigkeit, Dustin Hills, Andrea L. Boone,

Marci Collier Overstreet, Joyce M Sheperd, Michael Julian Bond, Andre Dickens, Antonio Brown, Howard Shook, each individually, restraining them from enforcing the Zoning Ordinance in the future, which enforcement, if not restrained will result in injury and harm to Plaintiffs. Official immunity does not shield Individual Defendants them from prospective injunctive relief. *Lathrop*, 301 Ga. at 434-35.

**COUNT VIII**
**UNLAWFUL DELEGATION**

129.

Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this Petition as if fully set forth herein.

130.

This count is asserted against Felicia Moore, Matt Westmoreland, Carla Smith, Amir R Farokhi, Cleta Winslow, Natalyn Mosby Archibong, Jennifer N. Ide, J.P. Matzigkeit, Dustin Hills, Andrea L. Boone, Marci Collier Overstreet, Joyce M Sheperd, Michael Julian Bond, Andre Dickens, Antonio Brown, Howard Shook each in their individual capacity. "[T]he doctrine of sovereign immunity usually poses no bar to suits in which state officers are sued in their individual capacities for official acts that are alleged to be unconstitutional." *Lathrop,* 301 Ga. at 434; *Kammerer Real Estate Holdings*, 302 Ga. at 285, n. 2 (reversing trial court's dismissal based on doctrine of sovereign immunity where complaint named county planning director in his official and individual capacity).

131.

Individual Defendants denied the Application in response to the opposition instead of based on any review of the Application submittal materials and ZRB proceedings.

132.

The failure of the Individual Defendants to act quasi-judicially by applying the facts determined by the evidence to the special use permit criteria set forth in the Atlanta Zoning Ordinance and instead to yield to the opposition is an improper delegation of their quasi-judicial authority.

133.

This improper delegation resulting in diminishing the value of the Property is a violation of the Georgia due process rights of the Petitioners.

134.

For these reasons, Plaintiffs are entitled to an order from this Court declaring the Plaintiffs satisfied the criteria for approval of the Application, or in the alternative, declaring the Application must be processed in accordance with the City's Zoning Ordinance.

WHEREFORE, Petitioners-in-Certiorari/Plaintiffs pray for the following relief:

A. Cause Summons to issue and allow service to issue against Respondents-in-Certiorari and Defendants;

B. That a writ of certiorari be directed to the Respondents-in-Certiorari and that the Respondents-in-Certiorari be directed to certify and send up the complete record of proceedings pertaining to the Application;

C. That this Court reverse the Board's denial of the Application and order the Board to approve the Application, or in the alternative, to declare the denial violated the Zoning Procedures Law and the procedures of the Atlanta Zoning Ordinance, to void the denial of the Application and to remand the Application to the City with directions to evaluate and process the Application in accordance with the City's Zoning Ordinance and the Zoning Procedures Law;

D. That this Court declare that the City Council's actions in denying the Application were arbitrary, capricious, unreasonable, and as a result, denied Plaintiffs' due process of law, as guaranteed under the Constitution of the State of Georgia;

E. That this Court declare that the denial of the Application is an unconstitutional taking of Plaintiffs' property rights in violation of Article

I, Section I, Paragraph I and Article I, Section III, Paragraph I of the Constitution of the State of Georgia;

F. That this Court declare that the City Council's denial of the Application is arbitrary, capricious, null and void as it bears no substantial relationship to the public health, safety, morals or general welfare;

G. That this Court declare that the City Council's denial of the Application discriminates between Petitioners and other similarly situated property owners in violation of Plaintiffs' right to equal protection under Article I, Section I, Paragraph II of the Constitution of the State of Georgia;

H. That this Court declare that the actions of the City Council in denying the Application have resulted in a denial of substantive and procedural due process of law as guaranteed by the Constitutions of the State of Georgia;

I. That this Court declare that the City Council's failure to comply with its own Zoning Ordinance which required the City Council as a whole and each individual council member to apply specific Zoning Ordinance criteria governing special use permits denied Petitioners of the due process of law and a fair and impartial hearing, as guaranteed by the 1983 Constitutional of the State of Georgia and resulted in a decision that was arbitrary, capricious, unreasonable, and void;

J. That this Court issue a writ of mandamus;

K. That this Court issue a permanent injunction enjoining continued enforcement of the Zoning Ordinance so as to prevent use of the Subject Property as a concrete plant;

L. That this Court set a trial to determine an award for just and adequate compensation for the taking of Plaintiffs' Property for public use; and

M. For such other and further relief as this Court deems just, proper, and appropriate under the facts and evidence presented to it.

Respectfully submitted this 15th day of April, 2020.

DILLARD SELLERS, LLC

/s/ Julie L. Sellers
G. Douglas Dillard
Georgia Bar Number 221900
Julie L. Sellers
Georgia Bar Number 984708
R. Baxter Russell
Georgia Bar Number 931884
*Attorneys for Petitioners/Plaintiffs*

1776 Peachtree Street, Suite 390N
Atlanta, Georgia 30309
(404) 665-1242

STATE OF TENNESSEE
COUNTY OF DAVIDSON

**VERIFICATION**

Personally appeared before the undersigned office, duly authorized under the laws of this State to administer oaths, Jeff Hollingshead on behalf of RHB, LLC, who after being duly sworn, states and deposes on oath that the facts and allegations contained in the attached FIRST AMENDED APPEAL AND PETITION FOR WRIT OF CERTIORARI AND VERIFIED COMPLAINT are true and correct to the best of his knowledge, information and belief.

RHB, LLC

By: [signature]

SWORN TO AND SUBSCRIBED
Before me this 15 day of
April, 2020.

[signature]
Notary Public

My Commission Expires:

July 6, 2020

(Affix Notarial Seal)

CYNTHIA L. DUTTON STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY

00136317;1

STATE OF TENNESSEE
COUNTY OF DAVIDSON

**VERIFICATION**

Personally appeared before the undersigned office, duly authorized under the laws of this State to administer oaths, Jeff Hollingshead on behalf of SMYRNA READY MIX CONCRETE, LLC, who after being duly sworn, states and deposes on oath that the facts and allegations contained in the attached FIRST AMENDED APPEAL AND PETITION FOR WRIT OF CERTIORARI AND VERIFIED COMPLAINT are true and correct to the best of his knowledge, information and belief.

Smyrna Ready Mix Concrete, LLC

By: [signature]

SWORN TO AND SUBSCRIBED
Before me this 15 day of
April, 2020.

Cynthia L. Dutton

Notary Public

My Commission Expires:

July 6, 2020

(Affix Notarial Seal)

CYNTHIA L. DUTTON STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY

00136317;1

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2020, I served a true and correct copy of the foregoing **FIRST AMENDED APPEAL AND PETITION FOR WRIT OF CERTIORARI AND VERIFIED COMPLAINT** with the Clerk of Court using the CM/ECF system and via electronic mail, as agreed among counsel due to administrative limitations caused by the COVID-19 outbreak, to the following:

Joseph J. Siegelman, Esq.
Alisha I. Wyatt-Bullman
Joseph J. Siegelman
Joshua S. Foster
City of Atlanta Department of Law
55 Trinity Avenue
Suite 5000
Atlanta, Georgia 30303

DILLARD SELLERS, LLC

/s/ Julie L. Sellers
G. Douglas Dillard
Georgia Bar Number 221900
Julie L. Sellers
Georgia Bar Number 984708
R. Baxter Russell
Georgia Bar Number 931884
*Attorneys for Petitioners/Plaintiffs*

1776 Peachtree Street, Suite 390N
Atlanta, Georgia 30309
(404) 665-1242